OPINION
{¶ 1} On March 6, 2006, Hassani Young entered a plea of guilty to murder and was immediately sentenced to fifteen years to life. The charge of murder was a reduction of the indicted charge of aggravated murder. In addition to reducing the charge to murder, the State also dismissed the firearm specification to the aggravated murder count. The State also dismissed an additional count of attempted murder with a firearm specification and two additional counts of felonious assault, both bearing firearm specifications. Furthermore, the State dismissed charges of aggravated robbery and felonious assault with gun specifications in a companion case.
 {¶ 2} We permitted Young to file a late appeal and the trial court appointed counsel to prosecute the appeal. On August 14, 2006, appointed appellate counsel filed a brief pursuant toAnders v. California (1967), 386 U.S. 738, wherein counsel represented that after review of the record he could find no arguably meritorious issues for appellate review. By order of August 22, 2006, this court informed Young that his counsel had filed an Anders brief, and we informed Young of the significance of an Anders brief. We invited Young to file pro se assignments of error, if any, within sixty days of August 22, 2006. As of the time of the rendition of this judgment, Young has filed nothing with this court.
 {¶ 3} Appointed appellate counsel identified two possible appellate issues: The court's failure to advise Young of his appellate rights and his trial counsel's failure to pursue an appeal. Counsel concluded, and we agree, that these are not viable appellate issues because an appeal has been allowed in this case. Pursuant to our responsibilities under Anders, we have undertaken an independent review of the record in this case, and we have concluded, as did appointed appellate counsel, that there are no potentially meritorious issues for appellate review and that this appeal is entirely frivolous. Accordingly, the judgment will be affirmed.
Grady, P.J. and Donovan, J., concur.